# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.

LYLE BENAVIDES,

      Defendant.

3:12-cr-00100-RCJ-VPC-2

**ORDER**

Pending before the Court is Defendant Lyle Benavides's *pro se* motion for a sentence reduction under Amendment 782 of 18 U.S.C. § 3582(c). (ECF No. 93). Also pending is the federal public defender's motion to withdraw as counsel. (ECF No. 96).

On February 17, 2015, Defendant filed his *pro se* motion for a sentence reduction. (ECF No. 93). On February 18, 2015, pursuant to the District of Nevada's protocol for discretionary sentence reductions, the Court entered an order appointing the federal public defender as counsel to represent Defendant. (ECF No. 94).

In its order, the Court directed Probation to prepare a supplemental presentence report ("PSR") addressing whether, in the probation office's assessment, Defendant is statutorily eligible for a sentence reduction under Amendment 782. The Court further ordered the federal public defender to file any appropriate motion or stipulation within 120 days. (ECF No. 94).

1

Under the District of Nevada's protocol of discretionary sentence reductions, if counsel for the defendant determines that the defendant is not eligible for a sentence reduction, counsel communicates that determination to the defendant and moves to withdraw as counsel.  On May 12, 2015, the federal public defender filed the instant motion to withdraw as attorney in this case. Counsel states that she has reviewed Defendant's file, including all relevant court documents. (ECF No. 96).  Based on this review, counsel represents that she will not file any motion for a sentence reduction on Defendant's behalf.  Accordingly, the federal public defender now seeks to withdraw as counsel. (*Id.*).

The District of Nevada's protocol for discretionary sentence reductions provides that if defense counsel files a motion to withdraw, the court will review probations' supplemental PSR and determine whether a response from the United States attorney's office ("USAO") to the defendant's *pro se* motion is necessary, or whether it can rule on the motion without requiring a governmental response.  If the court determines that a response from the USAO is warranted, it orders one.

In this case, the Court finds that a response from the USAO is unnecessary to rule on the motion.  Probation has provided the Court with a reduction of sentence report for Defendant. Probation recommends that the Court find Defendant ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and U.S.S.G. § 1B1.10.  Specifically, Probation notes that Defendant's ineligibility arises from him pleading guilty to Possession of a Firearm During and In Retaliation to a Drug Trafficking Crime and the imposition of the mandatory minimum sentence on that charge.

The Court agrees with Probation's analysis.  Amendment 782 deals with drug convictions under statutes prohibiting the manufacturing, distributing, or dispensing of controlled substances.

*See* U.S.S.G. § 2D1.1.  Defendant's conviction, however, arose under 18 U.S.C. § 924(c)(1)(A), which prohibits the use or carrying of a firearm in the furtherance of drug trafficking crime.  The changes to the sentencing guidelines for drug offenses cited by Defendant do not apply to the charge for which he pleaded guilty.  Defendant was sentenced to the minimum time permitted by statute as to the firearm offense.  As such, a reduction in sentence is not warranted and the motion is denied.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for a Sentence Reduction (ECF No. 93) is DENIED.

IT IS FURTHER ORDERED that defense counsel's Motion to Withdraw (ECF No. 96) is GRANTED.

IT IS SO ORDERED.


Dated:  June 16, 2015          _____

_____
ROBERT C. JONES
United States District Judge